IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Teri Marsden, | ) | Case No. 3:09 CV 01561 |
| | ) | |
| Plaintiff, | ) | Judge Carr |
| | ) | |
| vs. | ) | |
| | ) | |
| Fastenal Company, | ) | |
| | ) | |
| Defendant. | ) | |

---

**ANSWER AND DEFENSES OF DEFENDANT**

---

Defendant, Fastenal Company ("Defendant"), responds to Plaintiff's Complaint as follows:

## I. PARTIES

1.      Plaintiff Teri Marsden is a female who at all times relevant herein was employed by Fastenal Company as an inside sales person working at a Fastenal Store located at 3501 Venice Road, Erie County, Sandusky, Ohio 44870.   Plaintiff is an "employee" within the meaning of Title VII, EPA and §§ 4112.01, et seq of the Ohio Revised Code (hereinafter "O.R.C.").

**Answer:**      Defendant admits that Teri Marsden is a female who was employed by Fastenal Company at a Fastenal Store located at 3501 Venice Road, Erie County, Sandusky, Ohio 44870.   Defendant admits that at times during Plaintiff's employment, Plaintiff was employed as an inside sales person.   The last sentence of Paragraph 1 of the Complaint contains legal conclusions and therefore, does not require an answer by Defendant.   Defendant denies the remaining allegation contained in Paragraph 1 of the Complaint.

2.      Defendant Fastenal Company (hereinafter "Fastenal") is a Minnesota based Corporation selling fasteners.  Defendant is an "employer" within the meaning of Title VII, EPA and §§ 4112.01, <u>et seq</u> of the O.R.C.

**Answer:**      Defendant admits that it is a Minnesota-based corporation and that it sells and distributes industrial and construction products that include fasteners, among others, and provides engineering and lab, manufacturing and industrial services.  The last sentence of Paragraph 2 of the Complaint contains legal conclusions and does not require a response by Defendant.

3.      Defendant's in house counsel is John Milek as appears on the complaint.  Also Fastenal is registered as a foreign corporation in the State of Ohio and CT Corporation System as their statutory agent, as appears on the complaint.

**Answer:**      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Plaintiff is and at all time relevant herein has been a resident of the State of Ohio. Defendant Company is incorporated under the laws of the State of Minnesota and has its principal place of business in Minnesota, a State other than Ohio and the matter in controversy exceeds exclusive of interest and costs, an amount in excess of the sum specified in 28 USC Sec 1332.

**Answer:**      Defendant admits the allegations contained in the second sentence of Paragraph 4 of the Complaint except with respect to the "matter in controversy."  This is a legal conclusion and does not require a response from Defendant.  Defendant denies the remaining allegations contained in the first sentence of Paragraph 4 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of an allegation.

5.      Plaintiff's cause of action arises under Title VII and [the] Equal Pay Act (EPA) as Plaintiff has been subject to sex discrimination by Defendant, Fastenal.

**Answer:**      Defendant denies that Plaintiff has subjected to sex discrimination by Defendant Fastenal.  The remaining allegations contained in Paragraph 5 of the Complaint are legal conclusions and do not require a response from Defendant.

## II.  FACTS

6.      Plaintiff was an inside sales person and was employed by Defendants [sic] to do sales on a full time basis at the Sandusky store.  She was hired in December of 2004.

**Answer:**      Defendant admits that Plaintiff was employed as a full-time inside sales employee at its Sandusky store from August 1, 2007 to April 30, 2008.  Defendant admits that Plaintiff was hired in December of 2004.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      She was a full time employee until she became pregnant and in the six month of her pregnancy in April of 2008, her employment was terminated as an inside sales person and changed to part time support person eliminating her employer paid for health insurance, vacation, half her wages and years of service benefit and $600 to $800 of commission sales to which she was earning.  The newly created part time position was the same job with less hours and pay.

**Answer:**      Defendant admits that effective April 30, 2008, Plaintiff's position of  full-time inside sales employee was restructured, Plaintiff was given a part-time support position and her wages and benefits were reduced and/or eliminated.  Defendant admits that Plaintiff was pregnant at the time of the restructuring. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      During the course of her employment, Plaintiff has been discriminated against. Plaintiff Teri Marsden has never had an employment review, she was not offered training until a year after she was employed, denied [a] promotion to sales manager, denied [a] position as outside sales person and her [a] position full time inside sales position was reduced to part time by Defendant, Fastenal, moving the servicing of Teri Marsden's biggest client to another store in order to manipulate the Sandusky store's sales and reducing Teri's hours in order to try and force Teri Marsden to quit.  All of Teri Marsden's supervisors have been male and hired after her and all other positions that Teri Marsden applied for were taken by men, many of whom had no experience and quit soon after.

**Answer:**      Defendant admits Plaintiff did not receive a formal employment review, but avers that her performance was evaluated.   Further answering, Defendant admits that Plaintiff was not offered formal training within approximately the year of her employment, Plaintiff was not given a promotion to sales manager, Plaintiff's full-time inside sales position was restructured and she was given a part-time support position.   Defendant admits that all Plaintiff's supervisors were men and that other positions for which Plaintiff applied were filled by men.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant has also paid male employees greater amounts than female employees for the same job. Defendant Fastenal has a 10:1 ratio of male to female employees, none in upper management and extremely few in any management position even though having 2300 stores in North America.

**Answer:**      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant, Fastenal renamed Teri Marsden's position from Assistant General Sales Manager to Inside Sales Manager in August of 2007 in order to violate labor laws so Defendant could claim that Inside Sales Managers were exempt employees and not have to pay over-time [sic]. Plaintiff is in fact not a manager but simply a sales clerk with regular hours of employment dictated by her employer and duties as dictated by her employer.

**Answer:**     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Plaintiff, Teri Marsden did not return to work after her maternity leave as with her reduced wages as a part-time employee it was not economical for her to pay for child care and return to work.

**Answer:**     Defendant admits that Plaintiff did not return to work after her maternity leave.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Similarly situated males employed by Defendant were not treated as Plaintiff by Defendants. As a direct and proximate result of Defendant's intentional, malicious, reckless, wanton acts and/or omissions of Defendants, Plaintiff has suffered and will continue to suffer lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, embarrassment, and has been deprived of her right to be free from sexual discrimination, to be free from abusive employer conduct.

**Answer:**     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## III. CLAIMS

### COUNT I.

13.     Plaintiff realleges and incorporated herein paragraphs 1 through 12 as set forth above.

**Answer:**     Defendant restates its answers to Paragraphs 1 through 12 as if fully rewritten herein and denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant's acts or omissions as set forth about constitute denial of employment opportunities and benefits because of Plaintiff's gender.  Defendants [sic] Fastenal were [sic] in violation of the provisions of Title VII, EAP and §§ 4112.02 and [4112].99 O.R.C. for which Defendant is liable to Plaintiff for lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, embarrassment, and has been deprived of her right to be free from sexual discrimination and abusive conduct.

**Answer:**     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

### COUNT II.

15.     Plaintiff realleges and incorporates herein paragraphs 1 through 14 as set forth above.

**Answer:**     Defendant restates its answers to Paragraphs 1 through 14 as if fully rewritten herein and denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants' [sic] above stated acts and/or omissions demonstrate a hostile attitude towards their female employees including Plaintiff because of their Gender.  Defendants [sic] allowed such a hostile work environment to continue against women including Plaintiff.

6

**Answer:**      Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.      As a direct and proximate result of Defendants' [sic] creation of a hostile work environment, Plaintiff's employment was improperly cut for discriminatory reasons all in violation of Title VII, EPA and §§ 4112.02 and [4112].99 O.R.C.

**Answer:**      Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.      As a result thereof Plaintiff has suffered injury for which Defendants [sic] are [sic] severally liable to Plaintiff for lost wages and benefits, emotional pain and suffering, mental anguish, pain, embarrassment, humiliation and the right to be free from sexual discrimination and abusive conduct and attorney's fees.

**Answer:**      Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT III.

19.      Plaintiff realleges and incorporates herein paragraphs 1 through 18 as set forth above.

**Answer:**      Defendant restates its answers to Paragraphs 1 through 18 as if fully rewritten herein and denies the allegations contained in Paragraph 19 of the Complaint.

20.      Defendant's acts and omissions as set forth above were so outrageous, willful, and malicious as to cause Plaintiff, a six month pregnant female, to suffer serious emotional injury constituting the tort of intentional infliction of severe emotional distress for which Defendant is liable to Plaintiff.

**Answer:**      Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.      As a direct and proximate result of Defendants' [sic] actions Plaintiff has suffered lost wages and benefits, emotional pain and suffering, mental anguish, pain, embarrassment, humiliation and the right to be free from sexual discrimination and abusive conduct.

**Answer:**      Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT IV.

22.      Plaintiff realleges and incorporates herein paragraphs 1 though 21 as set forth above.

**Answer:**      Defendant restates its answers to Paragraphs 1 through 21 as if fully rewritten herein and denies the allegations contained in Paragraph 22 of the Complaint.

23.      Defendants' [sic] above described actions constitute negligent infliction of severe emotional distress.

**Answer:**      Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.      As a direct and proximate result of Defendants' [sic] actions Plaintiff has suffered damages including lost wages and benefits, emotional pain and suffering, mental anguish, pain, embarrassment, humiliation and the right to be free from sexual discrimination and abusive conduct.

**Answer:**      Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V.

25.     Plaintiff realleges and incorporates herein paragraphs 1 through 24 as set forth above.

**Answer:**     Defendant restates its answers to Paragraphs 1 through 24 as if fully rewritten herein and denies the allegations contained in Paragraph 25 of the Complaint.

26.     Plaintiff's classification as an exempt employee is in violation of the law.

**Answer:**     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     As a direct and proximate result of Defendants' [sic] violation Defendant is liable to Plaintiff for damages she has suffered including lost wages, over-time and benefits, emotional pain and suffering, mental anguish, pain, humiliation and embarrassment.

**Answer:**     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT VI.

28.     Plaintiff realleges and incorporates herein paragraphs 1 through 27 as set forth above.

**Answer:**     Defendant restates its answers to Paragraphs 1 through 27 as if fully rewritten herein and denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant's termination of Plaintiff's full time employment was in violation of her implied contract of full-time employment which Plaintiff was operating under in fact, in violation of the policies, practices and promises of Defendants [sic] which were breached and which Defendants [sic] are [sic] promissory estopped from denying. Said implied contract and promises require that Plaintiff's full time employment be terminated for just cause.

**Answer:**      Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.      As a direct and proximate result of Defendants' [sic] breach of said implied contract Defendants [sic] are [sic] jointly and severally liable to Plaintiff for lost wages and benefits, emotional pain and suffering, mental anguish, pain, humiliation and embarrassment.

**Answer:**      Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.      As a direct and proximate result of Fastenal's actions, Plaintiff has suffered emotional pain and suffering, mental anguish, embarrassment, and humiliation for which Fastenal is liable.

**Answer:**      Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## **COUNT VII.**

32.      Plaintiff realleges and incorporates herein paragraphs 1 through 31 as set forth above.

**Answer:**      Defendant restates its answers to Paragraphs 1 through 31 as if fully rewritten herein and denies the allegations contained in Paragraph 32 of the Complaint.

33.      The aforementioned acts of Defendants [sic] were [sic] done with willful, wanton and purposeful attempts to injure Plaintiff for which they are liable to Plaintiff for punitive and/or exemplary damages.

**Answer:**      Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies each and every allegation in the Complaint that it has not specifically admitted to be true and denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Damages."

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE

35.     To the extent that one or more of the Counts of the Complaint fails to state claims upon which relief can be granted, such Count(s) of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## THIRD DEFENSE

36.     To the extent one or more of the Counts of the Complaint is barred by the applicable statute of limitations, statute of repose, doctrine of laches, waiver, other time bar defenses and/or for Plaintiff's failure to exhaust her administrative remedies, such Count(s) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## FOURTH DEFENSE

37.     Even if the trier of fact were to determine that some unlawful motive(s) or reason(s) played any part in any employment decision(s) or action(s) regarding Plaintiff, which Defendant denies, such decision(s) or action(s) would have been taken in any event for legitimate, non-discriminatory, non-pretextual and non-retaliatory business reasons.

## FIFTH DEFENSE

38.     Defendant's actions concerning Plaintiff's employment were taken in good faith belief and with reasonable grounds to believe it was in full compliance with the relevant laws, based on reasonable factors other than gender.

**SIXTH DEFENSE**

39.     To the extent that the Plaintiff's hostile work environment claims are based upon the conduct of a supervisor, her claims are barred as a matter of law because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**SEVENTH DEFENSE**

40.     To the extent that Plaintiff's hostile work environment claims are based upon the actions of co-workers, her claims fail as a matter of law because she cannot establish that Defendant knew or should have known of the alleged conduct and failed to take prompt, remedial action.

**EIGHTH DEFENSE**

41.     Defendant took prompt, remedial action in response to any complaint made by Plaintiff regarding her work environment.

**NINTH DEFENSE**

42.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.  Plaintiff's damages, if any, must be reduced by the income she has received, or should have received, in mitigation and/or Defendant is entitled to a setoff of any back pay damages recovered by Plaintiff in this action equal to the sum of the amounts Plaintiff earned or received since her resignation.

**TENTH DEFENSE**

43.     All actions taken by Defendant with respect to Plaintiff were taken in good faith and without fraud, oppression, malice or recklessness, so that Plaintiff fails to state a claim

against Defendant that would warrant punitive damages and, in any event, such damages are barred to the extent they would violate the substance and procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, the Equal Protection Clause and the Excessive Fines Clauses.

## TENTH DEFENSE

44.     Plaintiff is not entitled to punitive damages because Defendant did not discriminate against her nor did Defendant act with malice or with reckless indifference to her statutorily-protected rights.

## ELEVENTH DEFENSE

45.     To the extent that Plaintiff engaged in conduct which, if known to Defendant, would have resulted in her termination from employment, her right to recovery is further limited or barred.

## TWELFTH DEFENSE

46.     Plaintiff was employed as an employee at-will.

## THIRTEENTH DEFENSE

47.     Defendant made no representations to the Plaintiff that it did or should have reasonably expected would be relied upon by Plaintiff and, even if it did, any expected action or forbearance did not actually result and was not detrimental to the Plaintiff.

## FOURTEENTH DEFENSE

48.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, to the extent Plaintiff is asserting a claim under the Fair Labor Standards Act for compensation outside the applicable statute of limitations, said claim is barred.

## FIFTEENTH DEFENSE

49.     Subject to and without waiving any prior objection, answers or defenses, Plaintiff is an "exempt" employee under all applicable exemptions under the Fair Labor Standards Act, specifically Plaintiff's claims fail because she was exempt under the "executive," "administrative," "professional," "outside salesman," and/or combination exemption as set forth 29 U.S.C. § 213(a)(1), in that she met all the criteria for exemption and was not legally entitled to overtime compensation as requested in the Complaint.

## SIXTEENTH DEFENSE

50.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendant acted in good faith in classifying Plaintiff as an "exempt" employee based upon her job duties and responsibilities. Such good faith is based upon the applicable statute, regulations and case law.

## SEVENTEENTH DEFENSE

51.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendant states that its conduct was not willful.

## EIGHTEENTH DEFENSE

52.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendant states that Plaintiff's claim for liquidated damages is subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

**NINETEENTH DEFENSE**

53.     Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendant states that Plaintiff is not entitled to any recovery for the damages asserted, as all monies due and owing to Plaintiff has been paid by Defendant.  Specifically, and without limitation, Plaintiff was at all relevant times properly classified as an exempt employee under 29 U.S.C. § 213 et seq., and therefore is not entitled to overtime as that term is defined by the FLSA.

**TWENTIETH DEFENSE**

54.     Defendant does not pay different wages to employees of the opposite sex for substantially equal work.

**TWENTY-FIRST DEFENSE**

55.     To the extent Defendant paid Plaintiff different wages than employees of the opposite sex, any discrepancy was the result of a pay system as set forth in 29 U.S.C. § 206(d)(1) including, but not limited to, (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; and/or (4) a differential based on any other factor other than sex.

**TWENTY-SECOND DEFENSE**

56.     Defendant expressly reserves the right to assert and pursue additional defenses that may become known through discovery or otherwise.

**TWENTY-THIRD DEFENSE**

57.     Defendant states that the defenses included in this Answer are set forth to ensure compliance with Federal Rule of Civil Procedure 8(c), without representing or conceding that Defendant has the burden of proof or that the defenses necessarily constitute "avoidances" or

"affirmative defenses" within the meaning of Federal Rule of Civil Procedure 8(c) or other applicable law.  No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof.  Defendant further states that pursuant to Federal Rule of Civil Procedure 8(e) and based on Plaintiff's claim, Defendant pled defenses in the alternative and hypothetically without representing or conceding the application of such defenses or waiving any objections or defenses to Plaintiff's claims.

**WHEREFORE**, having fully answered the Complaint, Defendant prays unto the Court the following:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff have and recover nothing of Defendant;

3.      That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

4.      For such other and further relief as the Court deems just and proper.


OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: Sara E. Hutchins
        Ellen Toth
        Sara E. Hutchins
        127 Public Square
        4130 Key Tower
        Cleveland, Ohio 44114
        (216) 241-6100
        (216) 357-4733
        Ellen.Toth@OgletreeDeakins.com
        Sara.Hutchins@OgletreeDeakins.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 17th day of September 2009.  Notice of this filing will be sent to all parties by either regular U.S. mail and by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Sara E. Hutchins_____
*One of the Attorneys for Defendant*


OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.

127 Public Square
4130 Key Tower
Cleveland, Ohio 44114
(216) 241-6100
(216) 357-4733
*Attorneys for Defendants*


7577955.1 (OGLETREE)


7577955.1 (OGLETREE)